Joshua B. Swigart (SBN 225557)
Josh@SwigartLawGroup.com
**SWIGART LAW GROUP, APC**
2221 Camino del Rio S, Ste 308
San Diego, CA 92108
P: 866-219-3343

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| LAURA RAMIREZ, individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>MONEYTREE, INC.,<br><br>Defendant. | Case No:<br><br>CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION AT 47 U.S.C. § 227<br><br>JURY DEMAND |
|---|---|

## CLASS ACTION COMPLAINT

Plaintiff LAURA RAMIREZ ("Plaintiff") brings this class action against Defendant MONEYTREE, INC. ("Defendant") and alleges as follows upon personal knowledge as to Plaintiff and Plaintiff's own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by Plaintiff's attorneys.

///
///
///

1

**PRELIMINARY STATEMENT**

1. The Supreme Court may have stated it best: "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls (and texts). The Federal Government receives a staggering number of complaints about robocalls – 3.7 million complaints in 2019 alone." *Barr v. Am. Ass'n of Political Consultants* (2020) 140 S. Ct. 2335, 2343.

2. Telemarketing calls and texts are intrusive. A great many people object to these calls, which interfere with their lives, tie up their phone lines, and cause confusion and disruption on phone records. Faced with growing criticism of abusive telephone marketing practices, Congress enacted the Telephone Consumer Protection Act of 1991, 47 U.S.C. Section 227 ("TCPA").

3. Congress further passed the Do-Not-Call Implementation Act of 2003, 15 U.S.C. Section 6101 to allow people to register their phone numbers with the Federal Trade Commission.

4. The TCPA affords special protections for people who, like Plaintiff, are registered on the Do-Not-Call List.

5. The United States Court of Appeals for the Ninth Circuit held that "unsolicited telemarketing phone calls or text messages, by their nature, invade the privacy and disturb the solitude of their recipients. A plaintiff alleging a violation under the TCPA 'need not allege any *additional* harm beyond the one Congress has identified." *Van Patten v. Vertical Fitness Grp.,* No. 14-55980, 2017 U.S. App. LEXIS 1591, at 12 (9th Cir. 2016) (citations omitted) (emphasis in the original).

6. Receiving unwanted telemarketing communications is a problem most people face in this country. According to online robocall tracking service "YouMail," 4.4 billion robocalls & texts were placed in December 2024 alone, at a stunning rate of about 140 million per day. www.robocallindex.com.

**NATURE OF THE ACTION**

7. This is a putative class action brought pursuant to the TCPA.

8. To promote its goods and services, Defendant engages in telemarketing text messages to phone numbers on the Do-Not-Call list.

2

Class Action Complaint

9. Through this action, Plaintiff seeks injunctive relief to halt Defendant's unlawful conduct toward Plaintiff and the Class Members. Plaintiff also seeks statutory damages on behalf of herself and the Class Members, and any other available legal or equitable remedies.

## PARTIES

10. Plaintiff is a natural person entitled to bring this action under the TCPA, and a citizen and resident of San Diego, California.
11. Defendant is a Washington State business entity.
12. Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successor, assigns, principals, trustees, sureties, representatives, vendors, and insurers of Defendant.

## JURISDICTION AND VENUE

13. This Court has federal question subject matter jurisdiction over this action pursuant to 28 U.S.C. Section 1331, as the action arises under the TCPA, 47 U.S.C. § 227.
14. The Court has personal jurisdiction over Defendant and venue is proper in this District because Defendant directs, markets, and provides its business activities to this District, and because Defendant's unauthorized marketing scheme was directed by Defendant to consumers in this District. Additionally, Plaintiff's telephone number has an area code that is assigned to San Diego, California.

## FACTS

15. Plaintiff registered her phone number to the Do-Not-Call List, which disallows calls and texts messages without prior authorization. Plaintiff placed her telephone number, ending in 5283 on the Do-Not-Call List on December 11, 2020.
16. Plaintiff never authorized or had a prior business relationship with Defendant.
17. On March 25, 2025, Defendant sent Plaintiff a non-solicited text message to her cellular telephone, without prior express consent at least fifteen (15) times.

Class Action Complaint

18. On the same day, after being bombarded with unsolicited, unwanted texts, Plaintiff responded by texting back "STOP".
19. Almost immediately Defendant texted back it had acknowledged it received Plaintiff's request and would honor such a request.
20. On or about April 18, 2025, Plaintiff then again receiving unsolicited, unwanted text messages from Defendant to the same cellular telephone number.
21. Plaintiff then again responded with a request to cease further communications by texting back "STOP".
22. Defendant then, almost immediately, sent a text back acknowledging the request and stated it would cease further communications.
23. Then again on or about April 21, 2025, Defendant began barraging Plaintiff with unsolicited text messages to her cellular telephone number, without any consent, despite her requests to stop and having previously placed her number on the DO-NOT-CALL List.
24. Plaintiff, once again, texted back "STOP". Defendant, once again, acknowledged this request.
25. Plaintiff believes it is highly unlikely that Defendant will honor Plaintiff's wishes for the text messages to stop, hence is forced to bring this action.
26. Plaintiff is the regular user of the telephone number that received the above solicitations.
27. Plaintiff utilizes the cellular telephone number primarily for personal purposes.

## STANDING

28. Standing is proper under Article III of the Constitution of the United States because Plaintiff's claims state (1) a valid injury in fact, (2) which is traceable to the conduct of Defendant, and (3) is likely to be redressed by a favorable judicial decision. See *Spokeo, Inc. v. Robins* (2016) 136 S.Ct. 1540, 1547.

## CLASS ALLEGATIONS

29. Plaintiff brings this lawsuit as a class action on behalf of Plaintiff individually and on behalf of all other similarly situated persons pursuant to Fed. R. Civ. P. 23. The class that Plaintiff seeks to represent ("Class") is defined as:

Class Action Complaint

> All persons in the United States who from four years prior to the filing of their action through the date of class certification, who listed their phone number on the Do-Not-Call List, were contacted by Defendant or anyone acting on Defendant's behalf.

30. Plaintiff reserves the right to modify the Class definition as warranted as facts are learned in further investigation and discovery.

31. Defendant and their employees or agents are excluded from the Class.

## NUMEROSITY

32. Upon information and belief, Plaintiff believes the number of members in the Class are in the several thousand. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

33. The exact number and identities of Class Members are unknown at ther time and can be ascertained only through discovery. Identification of Class Members is a matter capable of ministerial determination from Defendant's records.

## COMMON QUESTIONS OF LAW AND FACT

34. There are numerous questions of law and fact common to the Class which predominate over any questions affecting only individual members of the Class. Among the questions of law and fact common to the Class are:

a. Whether Defendant initiated solicitation text messages to persons who listed their phone numbers with the Do-Not-Call List.

b. Whether Defendant is liable for damages, and the amount of such damages.

35. The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendant routinely contacts persons whose number is listed with the Do-Not-Call List, Plaintiff and Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

## TYPICALITY

36. Plaintiff's claims are typical of the claims of Class members, as they are all based on the same factual and legal theories.

## PROTECTING THE INTERESTS OF CLASS MEMBERS

37. Plaintiff is a representative who will fully and adequately assert and protect the interests of the Class and has retained competent counsel. Accordingly,

Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

## SUPERIORITY

38. A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit because individual litigation of the claims of all members of the Class is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Class are in the millions of dollars, the individual damages incurred by each member of the Class resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual Class members prosecuting their own separate claims is remote, and, even if every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

39. The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not. Additionally, individual actions may be dispositive of the interests of the Class, although certain Class members are not parties to such actions.

## FIRST CAUSE OF ACTION
## NEGLIGENT VIOLATIONS OF THE TCPA
## 47 U.S.C. Section 227 et seq.
## (On Behalf of Plaintiff and the Class)

40. Plaintiff re-alleges and incorporates the allegations set forth above as if fully set forth herein.

41. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including 47 U.S.C Section 227 et seq., and implementing regulation 47 C.F.R. Section 64.1200(c)..

42. As a result of Defendant's negligent violations of the law, Plaintiff and each member of the Class are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. Section 227(c)(5).

Class Action Complaint

43. Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## SECOND CAUSE OF ACTION
## KNOWING AND/OR WILLFUL VIOLATIONS OF THE TCPA
### 47 U.S.C. Section 227 et seq.
### (On Behalf of Plaintiff and the Class)

44. Plaintiff re-alleges and incorporates the allegations set forth above as if fully set forth herein.

45. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including 47 U.S.C. Section 227 et seq., and implementing regulation 47 C.F.R. Section 65.1200(c).

46. As a result of Defendant's knowing and/or willful violations of the TCPA, Plaintiff and each member of the Class are entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. Section 227(c)(5).

47. Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of themselves and members of the Class, prays for the following relief:

a. An order certifying this case as a class action on behalf of the Class and defined above, and appointing Plaintiff as the representative of the Class and Plaintiff's counsel as Class counsel;

b. An award of statutory damages for Plaintiff and each member of the Class as applicable under the TCPA;

c. An order declaring that Defendant's actions, as set out above, violate the TCPA;

d. An injunction requiring Defendant to comply with 47 C.F.R. 64.1200(c)(1);

e. An award of attorney fees, costs, and interest, as allowed by applicable law; and

f. Such further and other relief the Court deems reasonable and just.

7
Class Action Complaint

**JURY DEMAND**

Plaintiff and members of the Class hereby demand a trial by jury.

Date:  June 23, 2025

**SWIGART LAW GROUP, APC**

By: *s/ Joshua B. Swigart*
Joshua B. Swigart, Esq.
Josh@SwigartLawGroup.com

8

Class Action Complaint